James A. MARSTERS and Jean
M. Marsters, Plaintiffs–
Respondents,

v.

Judith Ann SLINKARD and Richard
Slinkard, Defendants–Appellants.

No. 60115.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 16, 1993.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 17, 1993.

Application to Transfer Denied
April 20, 1993.

Albert C. Lowes, David J. Roth, II, Lowes & Drusch, Cape Girardeau, for defendants-appellants.

A.M. Spradling, III, Spradling & Spradling, Cape Girardeau, for plaintiffs-respondents.

Before GARY M. GAERTNER, P.J., and SMITH and AHRENS, JJ.

## MEMORANDUM OPINION

PER CURIAM.

Defendants appeal from that part of the trial court's judgment which determined that 2.19 acres of land claimed by them by adverse possession was the property of plaintiffs. Defendants based their claim of hostile possession upon their testimony that in 1973 they fenced the property in question. Plaintiffs' evidence was that the only fencing by defendants occurred in 1982, and that in the same year plaintiffs fenced the land to indicate their continuing ownership. The trial court found that the possession by defendants was not "hostile, open and notorious". It could have arrived at that conclusion by disbelief of defendants' evidence of the fencing of the property in 1973 and by belief of plaintiffs' evidence that no fencing occurred until 1982. There was substantial evidence to support the trial court's findings. The findings were not against the weight of the evidence, and the court neither erroneously declared nor applied the law. Under *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976) [1–3] the judgment must be affirmed. Further discussion would have no precedential value.

The judgment is affirmed pursuant to Rule 84.16(b).